**Ex parte Ronald Dee JONES.**

**No. 44313.**

Court of Criminal Appeals of Texas.

June 16, 1971.

Matthew H. Talty III, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceedings in the 180th District Court of Harris County, Texas denying a reduction in bail pending appeal.

The record reflects that on March 6, 1968, the appellant was convicted of assault with intent to murder and his punishment assessed at 10 years. The imposition of the sentence was, however, suspended and the appellant placed on probation subject to certain probationary conditions.

It appears a motion to revoke probation was filed on December 2, 1968, but dismissed on April 14, 1969, for want of sufficient evidence. A second motion to revoke was filed on April 25, 1969, which was subsequently dismissed on June 6, 1969. Thereafter, on December 29, 1970, a third motion to revoke was filed. On February 10, 1971, at a hearing on such motion, where the appellant was represented

by appointed counsel, the court found the appellant had violated his probationary conditions, ordered probation revoked and imposed sentence.

On February 17, 1971, notice of appeal was given and bail pending appeal was set by the court at $30,000.

At the habeas hearing to reduce bail on April 6, 1971, the appellant testified that he was married, had been a resident of Houston for 15 years, was unable personally to make bond in the amount of $30,000 or any amount but with the aid of friends would be able to make a $5,000 or $10,000 bond; that if he was able to obtain release on bail his former employer had a job available for him.

It was also shown that appellant had been in confinement since December 30, 1970.

Appellant's wife, mother of four children, testified she was a legal secretary, had just begun employment with a new lawyer; that neither she nor her family could make a $30,000 bond; that neither she nor her husband owned any property, stocks or bonds, or had any money in the bank.

The State introduced, through a deputy district clerk, certain documents relating to appellant's conviction, i. e., judgment, sentence, docket sheet, etc. Such record reflects that bail was originally set at $500 following indictment, and prior to conviction and the order granting probation it was raised to $5,000.

The record on appeal from the revocation of probation has not yet been received by this Court, nor was the evidence offered at such revocation proceeding introduced at the habeas proceeding.[1]

After having carefully reviewed the evidence adduced upon the habeas hearing, we find that the amount of bail on appeal fixed by the trial judge is excessive and that the same should be reduced. See Ex parte Stoker, Tex.Cr.App., 397 S.W.2d 463. The appellant has sustained his burden of proof. See Ex parte Mendoza, Tex.Cr. App., 414 S.W.2d 666.

The judgment of the trial court refusing to reduce the amount of bail is reversed and appellant's bail is fixed at the sum of $10,000.

It is so ordered.

---

1. The appellant did testify at the habeas hearing that the basis of the revocation was an alleged assault upon Mr. Frank Zachary and destruction of property belonging to Mr. Gabe Nahas which he denied.