**Ex parte Jimmy Ray BROWN.**

**No. 57081.**

Court of Criminal Appeals of Texas.

Panel No. 1.

Feb. 8, 1978.

Joe E. Anderson, San Antonio, court-appointed, for appellant.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

### OPINION

DALLY, Judge.

In this habeas corpus proceeding, petitioner seeks a reduction in his bail pending appeal.

On January 17, 1977, petitioner, after pleading guilty to aggravated robbery, was sentenced to no less than 5 nor more than 10 years in prison. During this robbery, which petitioner committed with another man, the victim was shot. Petitioner filed notice of appeal on January 24. On April 6, appeal bond was set at $50,000.00.

After the petitioner's arrest, he was released on a bond of $10,000.00. He remained free pending trial for three years, during which time he remained in the jurisdiction of the court and met all appearances. His pre-trial bond was not reinstated because he was unable to pay the additional cash required by the bondsman.

Petitioner has lived in San Antonio most of his life. He is married and the father of two children. Both petitioner and his mother testified that they have no cash or other assets. Petitioner stated that he could afford a $5,000.00 bond.

Prior to his incarceration, petitioner worked as a waiter and attended college on his veteran's benefits. His uncle, who is the head waiter at the establishment at which petitioner was employed, testified that he would hire petitioner if he were released. Petitioner stated that it was his desire to return to college.

The State offered no evidence; there is no evidence that the appellant has a prior criminal record.

We conclude that petitioner has met his burden of proving that the appeal bond is excessive. Ex parte August, 552 S.W.2d 169 (Tex.Cr.App.1977); *Ex parte Jones*, 468 S.W.2d 74 (Tex.Cr.App.1971); *Ex parte Lanham*, 459 S.W.2d 850 (Tex.Cr.App.1970). Bond will be reduced and set at $15,000.00.

It is so ordered.