**Ex parte Gloria DAVILA.**

No. 68393.

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 4, 1981.

Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from an order entered in a habeas corpus proceeding seeking reduction of bail pending appeal.

Appellant was convicted of the offense of delivery of heroin, and punishment was assessed at eight years in the Department of Corrections. Bail was set for this offense at $20,000.

On July 2, 1981, the trial court conducted a hearing on appellant's request for a reduction and reduced bail to $17,500. Petitioner's background reveals that she is twenty seven years old, and the mother of four children.[1] This is her first conviction.

While she has been in jail in Lubbock County, her children have been with her parents in Mission. Petitioner has now resided in Lubbock County for the past two and a half years. Cosme Tijerina, appellant's common law husband, was indicted as a codefendant on the original charge of delivery of heroin, but remains at large at the present time. Appellant said she has not been in touch with her husband since his arrest. Petitioner's background further reveals that she owns no real estate, but does own furniture and a car worth approximately $2,000. At the hearing, appellant took the stand and testified that she had tried to make bail at $20,000, but could not. Appellant asserted that she could make bail if it was less than $10,000.

The State offered the direct statement of Mary Ann Wiley, an assistant district attorney for the Lubbock County District Attorney's Office. She stated that bond surrenders had been issued concerning Cosme Tijerina, who is a fugitive believed to be in Mexico. Further, Wiley stated that Tijerina had been indicted by the 237th District Court Grand Jury for bail jumping. By way of cross examination of petitioner, the State attempted to show that Tijerina had been in touch with appellant's bail bondsman trying to secure her release.

Rules for fixing the amount of bail are provided by Article 17.15,[2] V.A.C.

---

1. The ages of petitioner's children are 7, 6, 2 and 1. There is testimony to the effect that the two year old is under a doctor's care for a heart disease, but remains unhospitalized at the present time.

2. Bail should be set sufficiently high reasonably to assure appearances, but not be used as an instrument of oppression, and must be based on considerations of ability to make bail and the nature of the offense. The Court has stated, however, that the last mentioned factor has no application to the matter of setting bail after conviction. *Ex parte Mendoza,* 414 S.W.2d 666, 668 (Tex.Cr.App.1967). We need not determine today the continuing viability of that notion since, as indicated, the record tells too little about the circumstances surrounding the offense for us to interpret them one way or the other, though the indictment charges the delivery of heroin was "by constructive transfer."

C.P. But after an accused has been found guilty and begins postverdict proceedings, they are modified somewhat and supplemented by additional relevant considerations reflected by the provisions of Article 44.04, V.A.C.C.P., "one of the most important" of which is the punishment assessed. *Mayo v. State*, 611 S.W.2d 442 (Tex.Cr.App. 1981); *Ex parte Pemberton*, 577 S.W.2d 266 (Tex.Cr.App.1979). In the instant case, punishment was assessed at eight years, a term of years within the permissible range for bail under Article 44.04, supra. Other supportive data that the Court deems relevant includes: the nature of the offense, *Mecom v. United States*, 434 U.S. 1340, 98 S.Ct. 19, 54 L.Ed.2d 49 (1977); *Ex parte Rodriquez*, 595 S.W.2d 549 (Tex.Cr.App. 1980); petitioner's work record, family ties, and length of residency, *Ex parte Ivey*, 594 S.W.2d 98 (Tex.Cr.App.1980); ability to make the bond, *Ex parte Rodriquez*, supra; prior criminal record, *Ex parte Thompson*, 508 S.W.2d 624 (Tex.Cr.App.1974); conformity with previous bond conditions, *Ex parte Brown*, 561 S.W.2d 175 (Tex.Cr.App. 1978); other outstanding bonds, *Ex parte Cevallos*, 537 S.W.2d 744 (Tex.Cr.App.1976).

In summarizing the facts before us, we find: (1) petitioner was convicted of a non-violent crime; (2) sentence was assessed at eight years; (3) petitioner has no prior criminal record; (4) petitioner has limited ability to make bail; and (5) petitioner has strong family ties.[3]

■ The conditions imposed by the trial court require petitioner: (1) report to her adult probation officer by phone or in person twice daily at 9:30 a.m. and 4:00 p.m.; (2) not leave Lubbock County without the express written consent of the court; and, (3) report in person to her adult probation officer at 9:00 a.m. the first Monday each month. Such conditions are reasonable under Article 44.04(d), V.A.C.C.P. *Estrada v. State*, 594 S.W.2d 445 (Tex.Cr.App.1980).

■ Applying the established criteria to these facts, we conclude that, given the reasonable conditions attached to it, bail is excessive by $5,000. Therefore, petitioner's bail is reduced to $12,500.

It is so ordered.

McCORMICK, Judge, dissenting.

There is no showing in the record before us that the trial court abused its discretion in setting bond for the appellant. Following the hearing, the trial court reduced from $20,000 to $17,500 the amount of bail required pending appeal.

In addition to the requirements of Article 17.15, V.A.C.C.P., we must consider certain other factors prior to determining that a trial court abused its discretion. Additionally, the burden is on appellant to show that the bail which has been set is excessive. *Ex parte August*, 552 S.W.2d 169 (Tex.Cr.App. 1977).

As noted by the majority, the primary factors to be considered in determining reasonable bail pending appeal are the length of the sentence [*Mayo v. State*, 611 S.W.2d 442 (Tex.Cr.App.1971)], and the nature of the offense [*Ex parte Rodriguez*, 595 S.W.2d 549 (Tex.Cr.App.1980)]. Additionally, this Court will consider an appellant's work record, family ties and length of residency; ability to make bond; prior criminal record; conformity with previous bond conditions; other outstanding bonds; and aggravating factors involved in the offense. *Ex parte Rubac*, 611 S.W.2d 848 (Tex.Cr. App.1981).

The record before us is void of any work history by appellant. Although she had been in Lubbock intermittently for two and one-half years, appellant's family ties are in Mission, and there is nothing to indicate there exists a restraining influence or duty on appellant to remain in Lubbock. Finally, the record does not reflect any facts concerning the offense other than her common-law husband and co-indictee was a fugitive and had jumped a $250,000 bond.

---

3. Mission is her hometown but appellant had her children with her in Lubbock before taking them to her parents in September 1980 apparently shortly before she was arrested. Still, appellant swore she had not been across the border after August 1980, the alleged date of her offense, did not have relatives in Mexico and had not been there in "a long time."

In reducing the bond to $17,500, I fail to perceive an abuse of discretion.

I dissent.