TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00674-CR


NO. 03-94-00675-CR


NO. 03-94-00676-CR


NO. 03-94-00677-CR







Ex Parte: Ruben Antonio Ybanez, Appellant







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NOS. 94-2109, 94-2110, 94-1070, & 94-1064


HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







PER CURIAM


 Appellant pleaded guilty to indictments accusing him of retaliation, possession of
marihuana, and aggravated assault (two cases). The district court found him guilty of retaliation
and possession of marihuana and assessed punishment at imprisonment for ten years, but
suspended imposition of sentence and placed him on community supervision. The court found that
the evidence substantiated appellant's guilt of the charged aggravated assaults, deferred further
proceedings, and placed him on community supervision. (1) Appellant then filed petitions for writ
of habeas corpus seeking a reduction in bail pending his appeal in these causes. Relief was denied
and these appeals followed. Tex. R. App. P. 44.

 The primary purpose of bail is to secure the presence of the defendant. Ex parte
Vasquez, 558 S.W.2d 477 (Tex. Crim. App. 1977). While bail should be sufficiently high to give
reasonable assurance that the undertaking will be complied with, the power to require bail is not
to be used so as to make it an instrument of oppression. Id.; Tex. Code Crim. Proc. Ann. art.
17.15 (West Supp. 1992). Among the factors considered relevant in setting the amount of bail
pending appeal are: the nature of the offense and the punishment assessed; the defendant's work
record, family ties, and length of residence in the community; the defendant's ability to make the
bail; and the defendant's conformity with previous bond conditions. Ex parte Davila, 623
S.W.2d 408 (Tex. Crim. App. 1981). The burden of proof is on the applicant to prove that bail
is excessive. Ex parte Rubac, 611 S.W.2d 848 (Tex. Crim. App. 1981).

 Prior to trial, bail in each of these causes was set at $25,000, where it now
remains. At the hearing below, appellant testified that he cannot make bail in this amount, but
did not offer evidence as to the amount of bail he could afford. Appellant has no previous
convictions, has lived in Austin for seven years, and was employed prior to his arrest. Appellant
testified that he has "two jobs waiting," but did not indicate what they were. 

 The district court explained its decision not to reduce bail as follows:


 THE COURT: Right. And, therefore, with his agreement he was
sentenced to a sentence that included successful completion of the Substance Abuse
Treatment Program at the Institutional Division.


 Now, it was the Court's opinion in assessing that punishment that
before Mr. Ybanez would be a reasonable candidate to return to the street without
endangering the safety of the victim in this case or the community in general he
very seriously needed that treatment in that time. So . . . together with looking at
the safety of the victim and the community in light of the serious nature of these
offenses, that include grabbing the victim and forcing her to write notes saying
she'd drop the charges against him, the violent nature of the retaliation in this case,
the Court feels that a $25,000 bond in each case is still appropriate.


 I just believe that what we did at the time of sentencing was the
minimum necessary to insure the safety of the community and this victim, and
without that kind of treatment, the Court's not willing to find that these bonds are
excessive given the situation as it presently exists.



 Appellant argues that the district court should have ordered his conditional release
pursuant to article 44.041. Tex. Code Crim. Proc. Ann. art. 44.041 (West Supp. 1995). A
defendant is entitled to release pursuant to this statute only if the court determines that such
release is reasonable given the circumstances. It is obvious from the court's remarks that it did
not consider conditional release to be reasonable in these causes. 

 On this record, appellant has not met his burden of proving that the present bail is
excessive. The orders of the district court are affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed on All Causes

Filed: August 23, 1995

Do Not Publish
1. The judgments of conviction and orders deferring adjudication were affirmed by this Court
and appellant is now seeking discretionary review in the Court of Criminal Appeals. Ybanez v.
State, Nos. 03-94-00470-CR, 03-94-00471-CR, 03-94-00508-CR, 03-94-00509-CR (Tex.
App.--Austin June 7, 1995, pet. filed) (not designated for publication).