NO. 07-97-0487-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 9, 1999



______________________________




DANA MARIE CONTRERAS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 37,880-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON APPELLANT'S APPLICATION FOR BAIL


 Appellant Dana Marie Contreras was convicted by a jury of murder. Punishment was
assessed at 40 years confinement in the Texas Department of Criminal Justice, Institutional Division. 
On July 5, 1999, we issued an opinion wherein we determined that appellant's written confession
was improperly admitted at trial, and because we found the error was not harmless, we reversed the
trial court's judgment and remanded the cause for a new trial.

 Pursuant to article 44.04(h) of the Texas Code of Criminal Procedure, appellant has filed an
application for bail in the amount of $10,000, which was the amount originally set by the trial court. 
In response, the State has asked that we set appellant's bail at $120,000. Appellant's counsel has
secured a bonding company which "stands ready, willing and able to make [appellant's] bond again
in the event this Court grants Applicant the relief which she seeks." 

 According to the State, a $10,000 bail is insufficient for several reasons. First of all, the
reversal flowed from errors seen in police procedures leading to the taking of appellant's written
confession. As such, according to the State, the reversal was not based upon any deficiency in the
incriminating evidence. The State also points out that appellant orally confessed. Second,
appellant's punishment was assessed at 40 years in prison. The State argues that "[t]his relatively
severe punishment indicates the jury's sense of the crime's gravity." Third, the State intends to file
a petition for discretionary review with the Court of Criminal Appeals, and if that Court affirms our
decision, then the State will prosecute appellant again. And finally, appellant's family ties are
"problematic." The State premises this argument on the fact that appellant's mother, Kenna
Andrews, was "a primary State's witness at trial," and that while appellant was originally out on
bond, her father had problems "controlling her." 

 There are several factors to be considered in setting bail. See Tex. Code Crim. Proc. Ann.
art. 17.15 (Vernon Supp. 1999). On appeal, a primary factor to consider in setting reasonable bail
is the length of the sentence. Ex parte Davila, 623 S.W.2d 408, 409-10 (Tex.Crim.App. 1981). 
Other factors include appellant's work record, family ties, length of residency, ability to make bail,
previous criminal record, conformity with previous bond conditions, other outstanding bonds, and
aggravating factors involved in the offense. Id. at 410. 

 Appellant was fifteen years old when the crime was committed. She was certified to and
stood trial as an adult. The jury found her guilty and came back with a 40 year sentence. In her
brief, appellant did not give details of her planned living arrangements. Also, the record is devoid
of any prior criminal record. Within its brief, the State included evidence of problems between
appellant and her father when she was out on bail prior to her conviction. Specifically, an affidavit
to surrender her bond was filed because "defendants [sic] father feels she is a risk. He nor the
attorney can do any thing with her. Her father wanted her surrendered." We must also consider the
gravity of the offense appellant committed. Although we found the written confession was
improperly admitted, appellant orally confessed to stabbing the victim. Indeed, the conformity with
previous bond conditions and the aggravating factors surrounding the offense weigh in favor of the
State's request for a higher bond.

 In sum, based upon the above factors, we will grant appellant's application and set her bond
at $50,000. 

 Per Curiam





Do not publish. 

 



tition.
          Texas Rule of Appellate Procedure 52.3


 identifies the requirements for a petition
for writ of mandamus filed in this court. Baldivia has failed to comply with these
requirements. Rule 52.3 requires that all factual statements in a petition must be verified
by affidavit made on personal knowledge. Baldivia does not include an affidavit. Rule
52.3(a) requires that a petition must include a complete list of all parties and the names
and addresses of all counsel. Baldivia does not list the names of the parties against whom
he seeks mandamus relief apart from their identification in the argument portion of his
petition. Rule 52.3(b) requires that the petition include a table of contents with references
to the pages of the petition and an indication of the subject matter of each issue or point
raised in the petition. Baldivia’s petition includes no table of contents. Rule 52.3(c)
requires that a petition include an index of authorities in which all authorities cited in the
petition are arranged alphabetically and the page(s) upon which the authorities are cited
is indicated. Baldivia’s petition includes no index of authorities. Rule 52.3(f) requires the
petition include a concise statement of all issues or points presented for relief. Baldivia’s
petition includes no such statement. Each of these items are required in a petition for writ
of mandamus and, as Baldivia failed to include them in his petition, we will not grant the
relief that he requests.
          However, even if Baldivia had complied with the requirements of Rule 52.3, his
petition fails to establish his entitlement to mandamus relief. A court of appeals has
authority to issue writs of mandamus against district and county court judges within the
court of appeals’s district and all writs necessary to enforce its jurisdiction. Tex. Gov’t
Code Ann. § 22.221(a), (b) (Vernon 2004). As the named respondent is not identified as
a judge, it is not within our jurisdictional reach and we have no authority to issue a writ of
mandamus against the respondent absent a showing that issuance of the writ is necessary
to enforce our jurisdiction. In re Cummins, 2004 WL 1948048, at *1 (Tex.App.–Amarillo
2004, orig. proceeding) (mem. op.); In re Coronado, 980 S.W.2d 691, 692 (Tex.App.–San
Antonio 1998, orig. proceeding). 
          Baldivia has provided this court none of the material documents relating to his
alleged denial of privileges within the prison system. See Tex. R. App. P. 52.3(j)(1). As
Baldivia’s petition for writ of mandamus does not comply with the requirements of Rule
52.3 and fails to establish how the writ is necessary to enforce this court’s jurisdiction, we
deny the petition.






                                                                Mackey K. Hancock

                    Justice