NO. 07-97-0487-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 9, 1999

_____


DANA MARIE CONTRERAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 37,880-D; HONORABLE DON EMERSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.


ON APPELLANT'S APPLICATION FOR BAIL

Appellant Dana Marie Contreras was convicted by a jury of murder. Punishment was assessed at 40 years confinement in the Texas Department of Criminal Justice, Institutional Division. On July 5, 1999, we issued an opinion wherein we determined that appellant's written confession

was improperly admitted at trial, and because we found the error was not harmless, we reversed the trial court's judgment and remanded the cause for a new trial.

Pursuant to article 44.04(h) of the Texas Code of Criminal Procedure, appellant has filed an application for bail in the amount of $10,000, which was the amount originally set by the trial court. In response, the State has asked that we set appellant's bail at $120,000. Appellant's counsel has secured a bonding company which "stands ready, willing and able to make [appellant's] bond again in the event this Court grants Applicant the relief which she seeks."

According to the State, a $10,000 bail is insufficient for several reasons. First of all, the reversal flowed from errors seen in police procedures leading to the taking of appellant's written confession. As such, according to the State, the reversal was not based upon any deficiency in the incriminating evidence. The State also points out that appellant orally confessed. Second, appellant's punishment was assessed at 40 years in prison. The State argues that "[t]his relatively severe punishment indicates the jury's sense of the crime's gravity." Third, the State intends to file a petition for discretionary review with the Court of Criminal Appeals, and if that Court affirms our decision, then the State will prosecute appellant again. And finally, appellant's family ties are "problematic." The State premises this argument on the fact that appellant's mother, Kenna Andrews, was "a primary State's witness at trial," and that while appellant was originally out on bond, her father had problems "controlling her."

There are several factors to be considered in setting bail. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon Supp. 1999). On appeal, a primary factor to consider in setting reasonable bail

2

is the length of the sentence. *Ex parte Davila*, 623 S.W.2d 408, 409-10 (Tex.Crim.App. 1981). Other factors include appellant's work record, family ties, length of residency, ability to make bail, previous criminal record, conformity with previous bond conditions, other outstanding bonds, and aggravating factors involved in the offense. *Id*. at 410.

Appellant was fifteen years old when the crime was committed. She was certified to and stood trial as an adult. The jury found her guilty and came back with a 40 year sentence. In her brief, appellant did not give details of her planned living arrangements. Also, the record is devoid of any prior criminal record. Within its brief, the State included evidence of problems between appellant and her father when she was out on bail prior to her conviction. Specifically, an affidavit to surrender her bond was filed because "defendants [sic] father feels she is a risk. He nor the attorney can do any thing with her. Her father wanted her surrendered." We must also consider the gravity of the offense appellant committed. Although we found the written confession was improperly admitted, appellant orally confessed to stabbing the victim. Indeed, the conformity with previous bond conditions and the aggravating factors surrounding the offense weigh in favor of the State's request for a higher bond.

In sum, based upon the above factors, we will grant appellant's application and set her bond at $50,000.

Per Curiam

Do not publish.