In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-380 CR


____________________



EX PARTE CODY J. TURNER







On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 95580






MEMORANDUM OPINION



 Appellant Cody J. Turner appeals the trial court's order denying his application for
writ of habeas corpus in which he sought a reduction of his bail pending appeal. In his sole
issue, Turner argues the trial court abused its discretion by setting an excessive appeal bond. 
We reverse and render.

 Turner pled guilty to felony theft by possession, and the trial court sentenced him to
two years of confinement in a state jail facility. Turner filed an application for writ of habeas
corpus seeking bond on appeal, and he served a copy of the application on the Jefferson
County District Attorney's Office. Attached to Turner's application was an affidavit in
which Turner averred that he is twenty years old and has no other felony convictions; has
resided in Bridge City for the last ten years; has family in the area; and could return to his
former job at Texas Roadhouse if he were released. Turner's affidavit also averred that he
owns personal property, that he previously "made a bond" that was $10,000.00, that he
complied with all previous bond conditions, and that he could afford a $10,000.00 appeal
bond. The trial court denied Turner's motion, but later reconsidered and entered an order
setting Turner's appeal bond at $100,000.00. (1) In this appeal, Turner asserts that the appeal
bond is excessive.

 The primary purpose of an appeal bond is to secure appellant's apprehension if his
conviction is subsequently affirmed. Ex parte Rubac, 611 S.W.2d 848, 849 (Tex. Crim. App.
1981). In cases in which the assessed punishment for a felony conviction is less than ten
years, the trial court has discretion to deny bail, revoke existing bail, or impose reasonable
conditions on bail. Tex. Code Crim. Proc. Ann. art. 44.04(c) (Vernon Supp. 2006). 
However, the trial court's "statutory authority to deny bail pending appeal in certain cases
does not carry with it the authority to set excessive bail in such cases." Ex parte Harris, 733
S.W.2d 712, 715 (Tex. App.--Austin 1987, no pet.).

 Article 17.15 of the Texas Code of Criminal Procedure sets forth the criteria trial
courts must consider in setting the amount of bail, as follows:

 1. The bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.


 2. The power to require bail is not to be so used as to make it an
instrument of oppression.


 3. The nature of the offense and the circumstances under which it was
committed are to be considered.


 4. The ability to make bail is to be regarded, and proof may be taken upon
this point.

 

 5. The future safety of a victim of the alleged offense and the community
shall be considered.


Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005). In determining what constitutes a
reasonable appeal bond, a trial court may also consider the following factors: the length of
the sentence; appellant's work record, family ties, and length of residency; appellant's ability
to make the bond; appellant's prior criminal record; appellant's conformity with previous
bond conditions; whether appellant has other outstanding bonds; and the nature of the
offense. Ex parte Davila, 623 S.W.2d 408, 410 (Tex. Crim. App. 1981). It is the appellant's
burden to show that the bond set is excessive. Rubac, 611 S.W.2d at 849.

 Here, the only evidence before the trial court was Turner's affidavit and Turner's
mother's affidavit. According to Turner's affidavit, the theft conviction was his first felony
conviction, his offense did not involve violence, and he received a relatively short sentence. 
Turner stated that before his incarceration, he was employed, and he could return to work if
he were released on bond. Turner has family members in this area, and he has resided here
for ten years. Turner's affidavit states he previously conformed to the conditions of a
$10,000.00 bond. In light of this evidence, we find the trial court abused its discretion in
setting Turner's appeal bond at $100,000.00. See Tex. Code Crim. Proc. Ann. art. 17.15
(Vernon 2005); Davila, 623 S.W.2d at 410. We reverse the trial court's order and render
judgment that Turner's appeal bond be reduced to $30,000.00, subject to such reasonable
terms and conditions as may be determined by the district court.

 REVERSED AND RENDERED.



 

 STEVE MCKEITHEN

 Chief Justice

Submitted on November 29, 2006

Opinion Delivered December 6, 2006

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ. 
1. The trial court apparently did not conduct an evidentiary hearing before entering the
order.