COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-07-175-CR

 

 

 

EX PARTE
MICHAEL JOSEPH 

BENNETT                                                                                           

 

------------

 

FROM THE 89TH DISTRICT
COURT OF WICHITA COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

 

I.  Introduction

This is an appeal from the denial of habeas
corpus relief seeking bond reduction. 
Appellant Michael Joseph Bennett contends in a sole point that his bonds
are excessive in violation of the Eighth Amendment to the United States
Constitution; article I, section 13 of the Texas Constitution; and article
17.15 of the Texas Code of Criminal Procedure. 
We will affirm.

 








II.  Procedural Background








Bennett is incarcerated on three counts[2]
of aggravated sexual assault of a child. 
The trial court set Bennett=s bail
at $200,000 on each count.[3]  Bennett filed an application for writ of
habeas corpus to reduce bail, asserting that the bail amount was excessive and
requesting that it be reduced to a $10,000 surety bond.  The trial court held a hearing on Bennett=s habeas
application requesting bail reduction during which Bennett appeared to argue
that his bond should be lowered to $25,000 because his mother testified that
she could make a $25,000 bond.  The trial
court denied the requested relief.  This
appeal from the denial of Bennett=s
application for writ of habeas corpus to reduce bail followed. 

III.  Excessive Bail

A.     Standard of Review

We review the trial court=s denial
of a bond‑reduction request under an abuse of discretion standard.  See Ex parte Rubac, 611 S.W.2d 848,
850 (Tex. Crim. App. [Panel Op.] 1981); Ex parte Scott, 122 S.W.3d 866,
868 (Tex. App.CFort Worth 2003, no pet.); see
also Tex. Code Crim. Proc. Ann. art.
17.15 (Vernon 2005) (giving trial court discretion to set amount of bond).  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable. Montgomery v. State, 810 S.W.2d 372, 380
(Tex. Crim. App. 1990).  Merely because a
trial court may decide a matter within its discretion in a different manner
than an appellate court would in a similar circumstance does not demonstrate
that an abuse of discretion has occurred. 
Id. 

B.     Reasonable Bail Factors








The primary purpose of an appearance bond is to
secure the presence of the defendant at trial on the offense charged.  Ex parte Vasquez, 558 S.W.2d 477, 479
(Tex. Crim. App. 1977); Scott, 122 S.W.3d at 868.  Accordingly, bail should be set high enough
to give reasonable assurance that the defendant will appear at trial, but it
should not operate as an instrument of oppression.  Scott, 122 S.W.3d at 868.  In a habeas proceeding, the burden of proof
is on the defendant to show that the bail, as set, is excessive.  Rubac, 611 S.W.2d at 849.

Article 17.15 of the Texas Code of Criminal
Procedure sets forth the following criteria for establishing a defendant=s bond: 

1.  The bail shall be sufficiently high to give
reasonable assurance that the undertaking will be complied with. 

 

2.  The power to require bail is not to be so
used as to make it an instrument of oppression.

 

3.  The nature of the offense and the
circumstances under which it was committed are to be considered. 

 

4.  The ability to make bail is to be regarded,
and proof may be taken upon this point. 

 

5.  The future safety of a victim of the alleged
offense and the community shall be considered. 

 








Tex. Code Crim. Proc. Ann. art.
17.15.  In addition to these factors, the
court should also weigh the following factors in determining the amount of the
bond:  (1) the accused=s work
record; (2) the accused=s family ties; (3) the accused=s length
of residency; (4) the accused=s prior
criminal record, if any; (5) the accused=s
conformity with the conditions of any previous bond; (6) the existence of
outstanding bonds, if any; and (7) aggravating circumstances alleged to have
been involved in the charged offense.  Rubac,
611 S.W.2d at 849‑50; Scott, 122 S.W.3d at 869.  The accused=s
potential sentence and the nature of the crime are also primary factors to be
considered.  Ex parte Hunt, 138
S.W.3d 503, 506 (Tex. App.CFort
Worth 2004, pet. ref=d).

C.     The Nature and Circumstances of the Offense 

The nature of the offense and the circumstances
surrounding the offense are primary factors in determining what constitutes a
reasonable bond.  Tex. Code Crim. Proc. Ann. art.
17.15(3); see Ex parte Davila, 623 S.W.2d 408, 410 (Tex. Crim. App.
[Panel Op.] 1981).  In considering the
nature of the offense, it is proper to consider the possible punishment.  Vasquez, 558 S.W.2d at 479‑
80.  When the nature of the offense is
serious and involves aggravating factors, a lengthy prison sentence following
trial is probable.  Scott, 122
S.W.3d at 869.  Therefore, pretrial bond
must be set sufficiently high to secure the presence of the accused at trial
because the accused=s reaction to the prospect of a
lengthy sentence might be to not appear. 
Id.








Bennett is charged with multiple counts of
aggravated sexual assault of a child, which is a first-degree felony.  See Tex.
Penal Code Ann. ' 22.021(e) (Vernon Supp.
2006).  If convicted, Bennett faces a
potential punishment range of life imprisonment or a term of not more than
ninety-nine years or less than five years and a fine not to exceed
$10,000.  See id. ' 12.32
(Vernon 2003).  However, Bennett is
eligible for probation because he has never been convicted of a felony.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 4
(Vernon 2006). 

Bennett=s
eligibility for probation does not lessen the seriousness of the offenses for
which he has been charged.  The record
reveals that a child was the victim of the alleged offenses.  Sexual assault of a child is a serious
offense.  See Ex parte Hulin, 31
S.W.3d 754, 759-60 (Tex. App.CHouston
[1st Dist.] 2000, no pet.).  Moreover,
the record demonstrates that Bennett failed to maintain contact with his
attorney when his bonds were one-fourth of the amount at which they are
currently set.  Given the serious nature
of aggravated sexual assault of a child, the potential for a lengthy sentence,
and Bennett=s prior pattern of failing to
maintain contact with his attorney, the trial court properly could have
concluded that the bond was reasonable to ensure Bennett=s
presence at trial.[4]

 








D.     Ability to Make Bond 

At the hearing on his habeas application
requesting bail reduction, Bennett requested that his bond be reduced to an
amount not exceeding $25,000.  The
accused=s
ability to make bond is merely one factor to be considered in determining the
appropriate amount of bond.  Tex. Code Crim. Proc. Ann. art.
17.15(4); Scott, 122 S.W.3d at 870. 
Simply because a defendant cannot meet the bond set by the trial court
does not automatically render the bond excessive.  Scott, 122 S.W.3d at 870.  AIf the
ability to make bond in a specified amount controlled, then the role of the
trial court in setting bond would be completely eliminated, and the accused
would be in the unique posture of determining what his bond should be.@  Id. 

At the hearing on the habeas application, Bennett=s mother
testified that Bennett does not have his own home or vehicle and has no bank
accounts or trust accounts.  She further
testified that she and her family had drained their financial resources by
hiring attorneys for Bennett but that she could make a $25,000 bond.  Bennett=s mother
also testified that Bennett would immediately start looking for employment if
he was released and that he had been a roofer for twenty years prior to his
incarceration.  This evidence does not
automatically render the bonds excessive. 
See id.

 








E.     Safety of the Victim 








In determining the appropriate amount of bond,
the future safety of the community is to be considered.  Tex.
Code Crim. Proc. Ann. art. 17.15(5); Scott, 122 S.W.3d at
870.  At the hearing, Don Shipley, the
victim=s
grandfather, testified that the victim and his mother were currently living
with him.  Shipley testified that his
daughter is still married to Bennett, that she has not filed for divorce, and
that she last saw him in January 2005 when he was arrested.  Shipley said that he is against the bond
reduction because he is concerned for his grandson=s
safety.  Shipley explained that his
grandson and his mother are afraid of Bennett and are not sleeping well.  Shipley further testified that, to his
knowledge, Bennett has not tried to contact Shipley=s
grandson, but Bennett has been incarcerated during the period that Shipley=s
grandson has been living with him. 
Because Bennett was present at the hearing, he now knows where the
victim is living.  Based on these facts,
coupled with Bennett=s failure to maintain contact
with his attorney, it is likely the trial court gave more weight to protecting
the victim than any other factor in concluding that the bonds were
reasonable.  See Hulin, 31 S.W.3d
at 761 (holding that it was not unreasonable for trial court to give more
weight to protecting victim than any other factor in concluding that $150,000
bonds were reasonable where appellant was charged with criminal solicitation of
a fifteen-year-old minor and sexual assault).

F.      Community and Family Ties 

Courts may also consider an accused=s work
record, family ties, and length of residency to determine what constitutes
reasonable bond.  See Rubac, 611
S.W.2d at 849; Scott, 122 S.W.3d at 871. 
With regard to Bennett=s work
record, his mother testified that he had been a roofer for twenty years.  Most of that time, Bennett worked for a
single employer.  She said that Bennett,
who was currently incarcerated and therefore unemployed, would immediately
start looking for employment if he was released.  

Bennett=s mother
also testified that he would live with her if he was released.  She gave the names of three other people in
the community who were closest to Bennett. 

Bennett=s mother
testified that she has lived in Wichita Falls for approximately thirty-five
years.  She said that Bennett was born in
Fort Worth in 1970 but has lived in Wichita Falls for thirty-five years.  The record revealed that Bennett did not own
any property in Wichita Falls or anywhere else. 








Although Bennett has some ties to the community,
the trial court could have concluded that Bennett=s
community ties and family ties were insufficient to assure his appearance at
trial when they had previously failed to make him maintain contact with his
attorney.  See, e.g., Ex parte Brown,
959 S.W.2d 369, 373 (Tex. App.CFort
Worth 1998, no pet.) (determining that appellant did not have close ties to the
community that might assure his presence at trial).

G.     Other Factors

As mentioned above, a court should also weigh the
accused=s prior
criminal record, if any; the accused=s
conformity with the conditions of any previous bond; the existence of
outstanding bonds, if any; and aggravating circumstances alleged to have been
involved in the charged offense.  Rubac,
611 S.W.2d at 849‑50; Scott, 122 S.W.3d at 869.  Even though Bennett had no prior criminal
record, he now has three charges of aggravated sexual assault of a child
pending against him.  The trial court
specifically found that Bennett failed to maintain contact with his attorney on
the bonds related to two of the pending aggravated sexual assault of a child
charges.  After weighing the factors, the
trial court could have properly concluded that the bonds should not be reduced.

IV.  Conclusion 








Affording due deference to the trial court=s
ruling, we cannot say that the trial court acted arbitrarily or unreasonably by
denying a reduction in the amount of Bennett=s
bonds.  Although the bonds are high,
Bennett has failed to demonstrate that the bonds set are excessive.  See Brown, 959 S.W.2d at 373 (affirming
denial of reduction of $500,000 pretrial bond in capital murder case).  Based on the nature and circumstances of the
offenses, concerns regarding the safety of the victim, and the other factors
discussed above, the trial court could have properly concluded that Bennett=s bonds
of $200,000 for each offense were reasonable. 
Because we hold that the trial court did not abuse its discretion by
denying Bennett=s request for bond reduction, we
overrule Bennett=s sole point and affirm the
order denying habeas corpus relief.

                                                                                                        

PER CURIAM

PANEL F:  WALKER, GARDNER, and
MCCOY, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

                                                    

DELIVERED: October 18,2007











[1]See Tex. R. App. P. 47.4.





[2]Although the State=s brief says that Bennett
has been charged with two counts of aggravated sexual assault of a child, the
record reflects that Bennett=s AApplication For Writ Of Habeas Corpus To Reduce
Bail@ and the transcript from
the hearing on that application both refer to three counts:  Cause Nos. 42509-C*1, 42509-C*2, and
42509-C*3. 





[3]It is unclear from the
record when the trial court set this bond amount.  The record reflects that the trial court had
initially set the bond amounts at $50,000 for both counts one and three and at
$75,000 for count two.  On December 12,
2005, Bennett=s attorney filed three
documents, one for each cause, suggesting that the bonds were insufficient
because Bennett had failed to maintain contact with his attorney, which was a
condition of his bond, and because Bennett had failed to maintain financial
responsibility to his attorney, which was a condition of his bond.  Thereafter, the trial court declared the bond
insufficient in cause one, ordered the clerk to issue a warrant for the
rearrest of Bennett, and set Bennett=s bond upon rearrest at $500,000.  The trial court made the same findings and
orders with regard to the bond in cause three and set Bennett=s bond upon rearrest at
$350,000.  However, because Bennett, the
State, and the trial court (in its order) refer to the current bond amount as
$200,000, we will use that amount as well.





[4]The State=s brief mentions that the
trial court declared a mistrial during the trial on the merits.  Consequently, the State maintains that
because Bennett already knows what evidence the State will use against him, he
knows the likelihood of being convicted and is more likely to abscond if
released.  This information is not
contained in the reporter=s record or clerk=s record in this appeal;
however, we note that such information is contained in a separate appeal
pending before this court.