02-10-450 & 451-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00450-CR

NO. 02-10-00451-CR

 

 


 
 
 Ex parte Justin Anthony Perez
 
 
  
 
 
  
 
 


 

 

------------

 

FROM THE
89th District Court OF Wichita
COUNTY

------------

MEMORANDUM
OPINION[1]

------------

I.  Introduction

This
is an appeal from the trial court’s orders on Appellant Justin Anthony Perez’s motions
to reduce bail, in which the trial court denied Perez’s request to reduce his
bail amount from $225,000 to $30,000.[2]  We will affirm.

II. 
Factual and Procedural Background

The
State indicted Perez for burglary of a habitation and robbery in March and
April, 2010.  His bail was set at $75,000
and $150,000 respectively, totaling $225,000.[3]  Perez filed his motions to reduce bail,
requesting that he be released on personal bond or, alternatively, that his
bail be reduced to a total of $30,000. 
After a hearing, the trial court denied his requests.

Perez
filed his notices of appeal from the trial court’s orders, claiming that he is
“indigent and represented by court appointed counsel [and] cannot afford bail
at the amount at which it is currently set.” 
We did not request briefing.  See Tex. R. App. P. 31.1, 31.2.

III.  Standard of Review

We
review the trial court’s denial of a bond-reduction request under an abuse of
discretion standard.  See Ex parte Rubac, 611 S.W.2d 848, 850
(Tex. Crim. App. [Panel Op.] 1981); Ex
parte Scott, 122 S.W.3d 866, 868 (Tex. App.––Fort Worth 2003, no pet.); see also Tex. Code Crim. Proc. Ann. art.
17.15 (Vernon 2005) (giving trial court discretion to set
bail amount).  Similarly, the
decision whether to permit an accused to make a personal bond is within a
magistrate’s sound discretion.  See Tex. Code Crim. Proc.
Ann. art. 17.03(a) (Vernon Supp. 2010).

To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991)
(op. on reh’g).  Merely because a
trial court may decide a matter within its discretion in a different manner
than an appellate court would in a similar circumstance does not demonstrate
that an abuse of discretion has occurred. 
Id.

IV.  Bail Reduction

The
primary purpose of an appearance bond is to secure the presence of the
defendant at trial on the offense charged. 
Ex parte Vasquez,
558 S.W.2d 477, 479 (Tex. Crim. App. 1977); Scott,
122 S.W.3d at 868.  Accordingly,
bail should be set high enough to give reasonable assurance that the defendant
will appear at trial, but it should not operate as an instrument of
oppression.  Scott, 122 S.W.3d at 868.

          Article 17.15 of the Texas Code of
Criminal Procedure sets forth the following criteria for establishing the
amount of bail:

1.    The bail shall be sufficiently high to give
reasonable assurance that the undertaking will be complied with.

 

2.    The power to require bail is not to be so
used as to make it an instrument of oppression.

 

3.    The nature of the offense and the circumstances
under which it was committed are to be considered.

 

4.    The ability to make bail is to be regarded,
and proof may be taken upon this point.

 

5.    The future safety of a victim of the alleged
offense and the community shall be considered.

 

Tex. Code Crim. Proc.
Ann. art.
17.15.

 

In
addition to these factors, the court should also weigh the following factors in
determining the amount of the bail:  (1) the accused’s work
record; (2) the accused’s family ties; (3) the accused’s length of
residency; (4) the accused’s prior criminal record, if any; (5) the
accused’s conformity with the conditions of any previous bond; (6) the
existence of outstanding bonds, if any; and (7) aggravating circumstances
alleged to have been involved in the charged offense.  Rubac,
611 S.W.2d at 849–50; Scott, 122 S.W.3d at 869. 
The defendant bears the burden to show that he is entitled to a
reduction in bail.  Rubac, 611 S.W.2d at 849; Maldonado v. State, 999 S.W.2d 91, 97
(Tex. App.––Houston [14th Dist.] 1999, pet. ref’d).

A.      The
Nature of the Offense and the Potential Sentence

The
nature of the offense and the circumstances surrounding the offense are primary
factors in determining what constitutes a reasonable bond.  See Tex. Code Crim. Proc. Ann. art. 17.15(3);
Ex parte Davila, 623 S.W.2d 408, 410
(Tex. Crim. App. [Panel Op.] 1981). 
In considering the nature of the offense, it is proper to consider the
possible punishment.  Vasquez, 558 S.W.2d at 479–80; Ex parte Hunt, 138 S.W.3d 503, 506 (Tex.
App.––Fort Worth 2004, pet. ref’d).  When
the nature of the offense is serious and involves aggravating factors, a
lengthy prison sentence following trial is probable.  Scott,
122 S.W.3d at 869. 
Therefore, pretrial bond must be set sufficiently high to secure the
presence of the accused at trial because the accused’s reaction to the prospect
of a lengthy sentence might be to not appear. 
Id.

Here,
Perez is charged with burglary of a habitation and robbery.  The natures of the charges both involve second
degree felonies.  See Tex. Penal Code Ann. §§ 29.02, 30.02(a)(1)
(Vernon 2003).  He faces a punishment of two to twenty
years for each charge.  See id. §§ 12.33(a)
(Vernon Supp. 2010).

The
probable cause affidavit for the burglary of a habitation shows that the victim
of the burglary returned home to find Perez in her house, where he had broken
in through the back door, rummaging through her property in her bedroom—the
closet and dresser in the bedroom had been ransacked.  When the victim arrived, Perez fled through
the front door, near the victim.

The
probable cause affidavit for the robbery shows that the victim of the robbery
in this case was Perez’s own mother. 
Allegedly, Perez forced his mother into a chair, taped her hands and ankles
to the chair, and then proceeded to punch through a wall in order to access his
father’s safe.  Once inside the safe,
Perez took four firearms and a jar full of coins.  Perez later sold the firearms at different
pawn shops.  Perez admitted at the bond
reduction hearing that he did so to support a drug addiction and that he needs
a “rehab facility.”

Given
the applicable ranges of punishment and the relative seriousness of the charged
offenses, the trial court properly could have concluded that bail in the amount
of $75,000 for the burglary and $150,000 for the robbery were reasonable to
ensure Perez’s presence at his trial.  See Hunt, 138 S.W.3d at 506; Scott, 122 S.W.3d at 869–70.

B.      Ability
to Make Bail

The
accused’s ability to make bail is merely one factor to be considered in
determining the appropriate amount of bail. 
See Tex.
Code Crim. Proc. Ann. art. 17.15(4); Scott,
122 S.W.3d at 870. 
Simply because a defendant cannot meet the bail set by the trial court
does not automatically render it excessive. 
Scott, 122
S.W.3d at 870.  “If the ability to
make bond in a specified amount controlled, then the role of the trial court in
setting bond would be completely eliminated, and the accused would be in the
unique posture of determining what his bond should be.”  Id.

          The record shows that the trial court
declared Perez indigent and appointed counsel to represent him.  At the bond reduction hearing, Perez stated
that he is indigent and has no assets to his name.  Perez’s father testified that he would be
unable to make bail on Perez’s account unless the approximate total amount is “lowered
to $30,000.”  Neither Perez nor his
father explained what efforts, if any, were made to make the total $225,000
bail, and although Perez detailed that he had no assets, his father did not
detail his specific assets.  See Scott, 122 S.W.3d
at 870–71. (finding
no abuse of discretion absent, among other things, evidence of defendant’s and
his family’s assets and attempts to make bond). 
Even considering evidence of Perez’s indigency, this factor alone does
not establish an abuse of discretion or automatically render the bail
excessive.  See id.

C.      Safety
of the Victim and the Community

          Regarding the safety of the victim and
the community, the probable cause affidavits reflect the serious impact Perez’s
actions placed on the victims of the robbery and burglary.  The probable cause affidavit for the burglary
of a habitation shows that Perez was in the house, rummaging through the
victim’s bedroom, when she arrived home to find Perez inside.  The probable cause affidavit for the robbery
shows that after having forced his mother into a chair and taping her to it, he
left her in that state as he fled with the firearms.  Eventually, his mother was able to free her
ankles and leave her residence with her hands still taped together; a neighbor
then cut the tape from her hands, freeing her completely.  The police report stated that Perez’s mother
was extremely distraught and hysterical. 
The trial court stated at the bond reduction hearing that “if [Perez] did
it to his mother, he could do it again.” 
This court finds no infirmity in that statement and concludes that the
trial court may have reasonably concluded that the violent nature of Perez’s
alleged crimes warranted a bail in the total amount of $225,000 in order to
ensure the safety of the community as a whole. 
See Tex.
Code Crim. Proc. Ann. art. 17.15(5); Scott,
122 S.W.3d at 870.

D.      Community
and Family Ties

Regarding
Perez’s ties to the community, Perez testified that he is a lifelong resident
of Wichita County and that he lives with his parents.  Perez did not testify any further regarding
whether he has close ties to the community. 
Given the scant evidence in the record, this factor neither weighs in
favor nor against Perez.

E.      Other
Factors

As
mentioned above, a court should also weigh the accused’s prior criminal record,
if any; the accused’s conformity with the conditions of any previous bond; the
existence of outstanding bonds, if any; and aggravating circumstances alleged
to have been involved in the charged offense. 
Rubac, 611
S.W.2d at 849–50; Scott, 122
S.W.3d at 869–70.

The
record shows that Perez has previously been arrested for numerous misdemeanors,
including possession of marijuana, criminal trespass, and theft.  Perez testified that he had been out on bond
in the past and had complied with the requirements of his previous bonds.  The trial court was permitted to take this
history into consideration.  See Rubac, 611 S.W.2d
at 849–50.  The trial court could
have reasonably concluded that Perez’s repeated past criminal history worked
against lowering his bail even though he testified that he had complied with bond
conditions in the past.

F.       No Abuse of Discretion

Affording due deference to the trial court’s
ruling and considering the nature of the offenses, the potential for lengthy
sentences, and the safety of the victims and the community, we cannot say that
the trial court acted arbitrarily or unreasonably by refusing to release Perez
on a personal bond or by refusing to reduce Perez’s bail from the total of
$225,000 to the requested $30,000.  We
hold that Perez has failed to demonstrate that the bail set is excessive or
that the trial court abused its discretion. 
See Rubac, 611
S.W.2d at 850; Scott, 122
S.W.3d at 868–69.

V.  Conclusion

Having
determined that the trial court did not abuse its discretion, we affirm the
trial court’s orders on Perez’s motions to reduce bail.

 

 

 

BILL MEIER
JUSTICE

 

PANEL:  DAUPHINOT, GARDNER,
and MEIER, JJ.

 

DAUPHINOT
and GARDNER, JJ. concur without opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 27, 2011











[1]See Tex. R. App. P. 47.4.





[2]In
his motions to reduce bail, Perez requested a personal recognizance bond or a
reasonable bail amount, but at the hearing on his motions, he requested that
bail be set at $30,000.





[3]The
record indicates that Perez’s motions to reduce bail covered the bail set for
the two charges underlying this appeal only and that Perez also has other bail
amounts related to other charges.