**Ex parte Paul Wayne AUGUST.**

**No. 55127.**

Court of Criminal Appeals of Texas.

June 14, 1977.

Paul Wayne August, pro se.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order of the trial court entered in a habeas corpus proceeding in which appellant sought a reduction in bail pending appeal of a criminal conviction.

The record reflects that on November 4, 1976, appellant gave notice of appeal from an order of the trial court revoking his probation in a burglary of a building conviction. Appellant was sentenced to imprisonment for ten (10) years; and, on December 3, 1976, bail, pending appeal, was set at $10,000.

On April 4, 1977, appellant filed a pro se application for writ of habeas corpus seeking a reduction in bail. The application alleged that appellant was indigent and that bail in the amount of $10,000 was excessive.

On April 6, 1977, the trial court granted the writ but denied relief without a hearing, finding that the application did not state facts which, if true, would entitle appellant to relief. See Article 11.15, Vernon's Ann.C.C.P. We have concluded that the judgment of the trial court must be reversed and the cause remanded for a hearing on appellant's application for writ of habeas corpus.

At first blush, it would appear that the setting of bail at $10,000 for one appealing a 10-year sentence is not unreasonable. To so hold, however, would be to say that, as a matter of law, such bail is never unreasonable. We decline to so hold.

 Undoubtedly, the sentence imposed upon conviction for crime is one of the most important circumstances to be considered in determining the amount of bail pending appeal. The Legislature considered it of great significance by denying bail to those appealing criminal convictions with sentences in excess of 15 years. See Article

44.04, Vernon's Ann.C.C.P. But, the sentence imposed is not the only circumstance to be considered. See Article 17.15, Vernon's Ann.C.C.P. Certainly appellant's alleged indigency, while not controlling, is also a circumstance to be considered. *Ex parte Clark,* 537 S.W.2d 40 (Tex.Cr.App. 1976).

 Although the burden of proof is upon appellant to show that the $10,000 bail which was set was excessive, see *Holliman v. State,* 485 S.W.2d 912 (Tex.Cr.App.1972); *Ex parte Clark,* supra, it would be pure speculation to conclude, as a matter of law, that he will be unable to sustain it, for there may be other circumstances which would show that the $10,000 is unreasonable.[1]

The judgment is reversed and the cause is remanded to the trial court for a hearing on the allegations in appellant's habeas corpus application.

---

1. The trial court has apparently placed heavy reliance on the fact that appellant had a prior bond forfeiture for failure to appear in another case. There is nothing before us to show that the forfeiture went to final judgment or that appellant would be unable to show exonerating causes. See Article 22.13, Vernon's Ann.C.C.P. Perhaps at the habeas corpus hearing appellant will be able to satisfactorily explain his failure to appear in the other case.