NO. 07-04-0593-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 13, 2005

_____

ANTONIO SCHMIDT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15510-0405; HONORABLE ED SELF, JUDGE
_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Antonio Schmidt appeals the denial of his application for writ of habeas corpus seeking reduction of his appeal bond. Appellant was convicted of retaliation against a prospective witness.[1] He appealed that conviction and bail on appeal was set at $25,000. A hearing was held on his habeas application. The trial court denied his request.

_____

[1]Tex. Pen. Code Ann. § 36.06 (Vernon Supp. 2004).

By a single point of error, appellant contends that the trial court abused its discretion in failing to set a reasonable bail. He argues the $25,000 bail is excessive and unreasonable in violation of article 17.15 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005). *See* Tex. Code Crim. Proc. Ann. art. 44.04 (Vernon Supp. 2004). The trial court has discretion in determining the amount of bail. *Ex parte Penagos*, 810 S.W.2d 796, 798 (Tex. App.–Houston [1st Dist.] 1991, no pet.). The exercise of that discretion will not be disturbed unless clearly abused. *See Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex.Crim.App. [Panel Op.] 1981).

The trial court is to determine the amount of bail on appeal based primarily on the length of the sentence imposed and the nature of the offense. *Mayo v. State*, 611 S.W.2d 442, 444 (Tex.Crim.App. 1981); *Ex parte Rubac*, 611 S.W.2d at 849. There are other considerations in setting the amount of bail: (1) The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with. (2) The power to require bail is not to be so used as to make it an instrument of oppression. (3) The nature of the offense and the circumstances under which it was committed are to be considered. (4) The ability to make bail is to be regarded, and proof may be taken upon this point. (5) The future safety of a victim of the alleged offense and the community shall be considered. Tex. Code Crim. Proc. Ann. art. 17.15.

The trial court may consider other factors, identified by the Court of Criminal Appeals to include: the accused's work record; his family and community ties; his length of residency; prior record; conformity with the conditions of any previous bond; the

existence of outstanding bonds, if any; and the alleged aggravating circumstances involved in the offense. *Ex parte Rubac*, 611 S.W.2d at 849-50. The burden of showing bail to be excessive is on appellant. *Id*. at 849.

Appellant suggests his indigence requires consideration of a personal recognizance bond. The Code of Criminal Procedure provides a defendant's ability to make bail is to be regarded. Tex. Code Crim. Proc. Ann. art. 17.15. Case law also provides a defendant's indigence is a circumstance to be considered in setting bail. *Ex parte August*, 552 S.W.2d 169, 170 (Tex.Crim.App. 1977). Neither statute nor case law indicate, though, that ability to make bail is a controlling or even primary consideration. Ability to make bail simply is listed among the factors in article 17.15. As noted, *Ex parte Rubac* states the primary factors determining reasonable bail on appeal are the length of the sentence and the nature of the offense. 611 S.W.2d at 849. Ability to make the bond is included in that opinion's list of "other supportive data" the Court of Criminal Appeals "deems relevant." *Id*. *See August*, 552 S.W.2d at 170; *Ex parte Clark*, 537 S.W.2d 40, 42 (Tex.Crim.App. 1976).

Appellant was convicted of a violent crime.[2] He was sentenced to seven years, which, as the State notes, is toward the higher end of the range of punishment for a third degree felony, two to ten years. Tex. Pen. Code. Ann. § 12.34 (Vernon 2003).

---

[2]The indictment included in the record includes the allegation that appellant struck the victim of the retaliation.

Appellant testified that he had contacted three bail bondsmen and could obtain a sufficient bond for an initial payment of $1500 with two cosigners. The testimony indicated that appellant could not raise the $1500. At the time of the hearing, appellant had no money, and no vehicle or other property that could be sold to make bond. His testimony was that he had no relatives or friends able to provide the initial cash required by bondsmen, but that his mother and girlfriend both were willing to help with monthly payments. There was no testimony to indicate what amount of bond appellant would be able to raise. His pretrial bond was $10,000, and the record indicates he was not able to arrange for his release on that bond.

Appellant presented evidence that he had lived in Hale County most of his life and upon release would reside with his mother in Plainview. Appellant was unemployed and presented no prospects for employment, other than working for his mother, who he testified owns several rent houses. He was arrested for burglary at the age of sixteen, certified as an adult, convicted and sentenced to four years in the Texas Department of Criminal Justice. Since his release from prison, he has convictions for several misdemeanor offenses, including resisting arrest in September 2001, possession of marijuana in June 2002, evading detention in January 2003 and driving while intoxicated in August 2003. Appellant was released on bond after his arrest for each of the misdemeanor offenses. He testified that his bond was surrendered only one time, and that caused by a mistake on the part of the bonding company. He acknowledged that the January and August 2003 offenses were committed while he was out of jail on bond.

Appellant contends he should be treated no worse than the defendant in *Ex parte Brown*, 561 S.W.2d 175 (Tex.Crim.App. 1978), who plead guilty to an aggravated robbery in which the victim was shot. The court found the $50,000 appeal bond set by the trial court was excessive and reduced it to $15,000. The facts in *Brown* bear similarity to those present here, in that the defendant had lived in the area most of his life, had family in the area and had a job waiting with a family member, and testimony indicated neither the defendant nor his mother had cash or other assets. Differences in the cases include that the felony offense there was aggravated and the defendant admitted his guilt, while appellant contends the evidence of his guilt of retaliation is weak.[3] But differences in the cases also include that the defendant in *Brown* had no prior criminal record, and had remained free on bond pending trial for three years, during which time he remained within the jurisdiction and met all appearances. Although appellant testified he met the terms of previous bonds, he has a record of committing criminal offenses even while released on bond. Too, even in *Brown*, the court did not reduce the bond to the amount the defendant said he could meet. The defendant testified he could afford a $5,000 bond, but the appeals court set bond at three times that amount. We do not see that the *Brown* opinion provides a basis to conclude the court's action here was an abuse of its discretion.

---

[3]Appellant cites *Ex parte Vasquez*, 558 S.W.2d 477 (Tex.Crim.App. 1977), for the proposition that weak evidence on the underlying crime is a factor to be considered in setting bail. Without in any way prejudging the merits of appellant's pending appeal of his conviction, we note that *Vasquez* involved a pretrial bond. Id. at 478. *See generally Ex parte Anderer*, 61 S.W.3d 398 (Tex.Crim.App. 2001).

Considering his family ties to the community and lack of resources, but considering also the length of his sentence, the violent nature of the offense of which he has been convicted, his work and criminal records, and his commission of offenses while on bond, we cannot say the requirement of bail here was used as an instrument of oppression, or that appellant has demonstrated the trial court abused its discretion in setting bail. Appellant's issue is overruled. The order of the trial court is affirmed.

Per Curiam

Do not publish.