

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00248-CR

## EX PARTE PERRY DIXON

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2021-1091-1**

## MEMORANDUM OPINION

Perry Dixon filed a document in this Court entitled, "This is Appeal from the 19th District court Pursuant to the Tex. Code of Criminal Pro. Art. 17.15 and bail reduction 17.151 and in Accordance to Tex. Rules of Appellate Procedure." In this filing, Dixon states that he wishes to appeal from the trial court's September 2, 2021 order denying his motion to reduce bail and his pretrial application for writ of habeas corpus. We dismiss, in part, and affirm, in part.

### Dixon's Motion to Reduce Bail

We first address Dixon's complaint regarding the trial court's denial of his motion to reduce bail. In criminal cases, the standard for determining jurisdiction of an appellate

court "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008); *see Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012). "This extends to interlocutory appeals as well, of which this Court has said: 'The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law.'" *Ragston*, 424 S.W.3d at 52 (quoting *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)). "There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Id.* Accordingly, we lack jurisdiction over Dixon's complaint pertaining to the trial court's denial of his pretrial motion to reduce bail. *See id.*; *see also Dresner v. State*, 2021 Tex. App. LEXIS 142, at **2-3 (Tex. App.—Austin Jan. 8, 2021, no pet.) (mem. op., not designated for publication) (holding that the court lacked jurisdiction over an interlocutory appeal from an order denying appellant's motion to reduce bail).

**Dixon's Pretrial Application for Writ of Habeas Corpus**

Next, we address Dixon's challenge to the trial court's denial of his pretrial application for writ of habeas corpus. In a habeas proceeding regarding a claim of excessive bail, we review a trial court's decision regarding the amount of bail for an abuse of discretion. *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Davis*, 147 S.W.3d 546, 548 (Tex. App.—Waco 2004, no pet.). A trial court abuses its

discretion if it acts without reference to any guiding rules or principles. *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd). Accordingly, a reviewing court will not disturb a decision of the trial court if that decision is within the zone of reasonable disagreement. *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.).

Prior to conviction, every citizen accused of a crime has a "strong interest in liberty." *United States v. Salerno*, 481 U.S. 739, 750, 107 S. Ct. 2095, 2103, 95 L. Ed. 697 (1987). To protect that interest, the Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. Additionally, the Texas Constitution guarantees that "[a]ll prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident . . . ." TEX. CONST. art. I, § 11. This constitutional right to reasonable bail has also been codified in the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 1.07 (providing "[a]ll prisoners shall be bailable unless for capital offenses when the proof is evident"), 17.15(2) (providing "[t]he power to require bail is not to be so used as to make it an instrument of oppression").

"'Bail' is the security given by the accused that he will appear and answer . . . the accusation brought against him . . . ." *Id.* art. 17.01; *see Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). The defendant's liberty is a secondary objective and his right

to pretrial bail may be subordinated to the greater needs of society. *Salerno*, 481 U.S. at 750-51, 107 S. Ct. at 2103. In balancing the liberty interest of an accused and safety interests of society, the Texas Legislature had adopted rules and guidelines that can be used to obtain pretrial release through the posting of an adequate bail bond. *See* TEX. CODE CRIM. PROC. ANN. arts. 17.01-.53. With regard to excessive bail, an accused has the right to assert his or her constitutional right to reasonable bail through the use of a pretrial application for writ of habeas corpus. *Weise v. State*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001) (citing *Ex parte Keller*, 595 S.W.2d 531, 532-33 (Tex. Crim. App. [Panel Op.] 1980)). The burden of proof is on the defendant to show that the amount of bail set was excessive. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980); *see also Ex parte August*, 552 S.W.2d 169, 170 (Tex. Crim. App. 1977).

While a magistrate has broad discretion in determining the dollar amount and any conditions of bail, exercise of that discretion is governed by factors set forth in article 17.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15. These factors include, but are not limited to, the following:

1.  The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2.  The power to require bail is not to be used so as to make it an instrument of oppression.

3.  The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

*Id.* Other factors that may be considered include: (1) the defendant's work record; (2) family and community ties; (3) length of residency; (4) prior criminal record; (5) conformity with previous bond conditions; (6) existence of any other bonds outstanding; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Ex parte Rubac*, 611 S.W.2d at 849; *see Ex parte Emery*, 970 S.W.2d 144, 145 (Tex. App.—Waco 1998, no pet.).

In his pretrial habeas application, Dixon's sole challenge to the bail amount set by the trial court was that he lacked the ability to make bail.[1] A defendant's ability to make bail is only one factor to be considered in determining the appropriate amount of bail. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15(4); *Ex parte Vance*, 608 S.W.2d 681, 683 (Tex. Crim. App. 1980) ("It is established that the ability or inability of an accused to make bail does not alone control in determining the amount of bail."). Merely because a defendant cannot make the bail set by the trial court does not automatically render the bail excessive. *See Ex parte Vance*, 608 S.W.2d at 683; *see also Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.); *Maldonado v. State*, 999 S.W.2d 91, 96 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Further, "[i]t is well settled that the ability of an

---

[1] Dixon specifically requested that his bail be set at $20,000.

accused to make bail does not itself control the amount of bail, even if the accused is indigent." *Wright v. State*, 976 S.W.2d 815, 820 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *see Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980) ("Although the ability to make bail is a factor to be considered, ability alone, even indigency, does not control the amount of bail.").

Accordingly, because inability to afford bail is not sufficient to demonstrate that the $250,000 bail amount in this case is excessive, Dixon's failure to address the other factors considered in setting bail precludes him from meeting his burden of demonstrating that the trial court abused its discretion.[2] As such, we overrule Dixon's complaint pertaining to the trial court's denial of his pretrial habeas application.[3]

---

[2] Moreover, the record includes a copy of the indictment, which shows that Dixon is charged with the continuous sexual abuse of his young children, John and Jane Doe. Furthermore, at the brief hearing on Dixon's habeas application, the State opposed the reduction of Dixon's bail "given the nature of the offense and the potential danger to the community, particularly with him having access to the children, even through CPS supervision." In its order denying Dixon's habeas application, the trial court specifically stated that the application was denied "due to the nature and circumstances of the allegation, the safety of the victim[,] and the safety of the community." *See* TEX. CODE CRIM. PROC. ANN. art. 17.15(3), (5).

[3] In his pro se appellant's brief, Dixon also complains that: (1) he was not allowed to speak or present evidence on his behalf at the hearing on his pretrial habeas application; (2) the trial judge that set his bail was also his lawyer in another criminal matter; and (3) he was denied a hearing on his article 17.151 motion to reduce bail.

First, the record does not reflect that Dixon was prevented from presenting evidence or argument on his behalf. In fact, his appointed counsel argued that his bail should be reduced so he can get out and complete his family service plan to avoid the termination of his parental rights to his children. Dixon's second complaint regarding the trial judge is not among the article 17.15 factors to consider when setting bail. Thus, this complaint is not relevant to our analysis of the trial court's denial of Dixon's pretrial habeas application. And finally, with regard to his argument about the alleged lack of a hearing on his article 17.151 motion to reduce bail, we once again note that we lack jurisdiction over any complaint pertaining to his article 17.151 motion to reduce bail.

## Conclusion

Based on the foregoing, we dismiss Dixon's complaint pertaining to the trial court denial of his motion to reduce bail for want of jurisdiction.  Additionally, we affirm the trial court's denial of Dixon's pretrial application for writ of habeas corpus.


STEVE SMITH
Justice

Before Chief Justice Gray,
  Justice Smith,
  and Justice Rose[4]
Dismissed, in part, and affirmed, in part
Opinion delivered and filed March 9, 2022
[CR25]



---

[4] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.