

# IN THE
## TENTH COURT OF APPEALS

No. 10-22-00010-CR

EX PARTE TYLER CLAY

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2017-1854-C2**

## MEMORANDUM OPINION

Appellant, Tyler Clay, is charged by indictment with murder for remuneration. *See* TEX. PENAL CODE ANN. § 19.03(a)(3). On original submission, the trial court set bail at $1,000,000. The case was tried to a jury, and Clay was convicted of the charged offense. However, because Clay was improperly deprived of his counsel of choice, we reversed Clay's conviction and remanded the case for a new trial. *See generally Clay v. State*, No. 10-19-00093-CR, 2021 Tex. App. LEXIS 4113 (Tex. App.—Waco May 25, 2021, pet. ref'd) (mem. op., not designated for publication). The Court of Criminal Appeals refused the State's petition for discretionary review. On remand, the trial court reinstated the $1,000,000 bail amount set prior to his first trial.

In response to the trial court's reinstatement of the $1,000,000 bail amount, Clay filed an amended application for habeas corpus seeking a reduction in the bail amount to $50,000. The trial court granted the writ of habeas corpus and set the matter for a hearing. After a hearing, the trial court declined to reduce the $1,000,000 bail amount. Thereafter, Clay filed a motion for reconsideration, which was denied by the trial court.

In his sole issue on appeal, Clay contends that the $1,000,000 bail amount is excessive and that the trial court abused its discretion by failing to reduce his bail to a reasonable amount. We affirm.

**Standard of Review**

In a habeas proceeding regarding a claim of excessive bail, we review a trial court's decision regarding the amount of bail for an abuse of discretion. *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Davis*, 147 S.W.3d 546, 548 (Tex. App.—Waco 2004, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd). Accordingly, a reviewing court will not disturb a decision of the trial court if that decision is within the zone of reasonable disagreement. *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.).

Prior to conviction, every citizen accused of a crime has a "strong interest in liberty." *United States v. Salerno*, 481 U.S. 739, 750, 107 S. Ct. 2095, 2103, 95 L. Ed. 697 (1987). To protect that interest, the Eighth Amendment to the United States Constitution

provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. Additionally, the Texas Constitution guarantees that "[a]ll prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident . . . ." TEX. CONST. art. I, § 11. This constitutional right to reasonable bail has also been codified in the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 1.07 (providing "[a]ll prisoners shall be bailable unless for capital offenses when the proof is evident"), 17.15(2) (providing "[t]he power to require bail is not to be so used as to make it an instrument of oppression").

"'Bail' is the security given by the accused that he will appear and answer . . . the accusation brought against him . . . ." *Id.* art. 17.01; *see Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). The defendant's liberty is a secondary objective and his right to pretrial bail may be subordinated to the greater needs of society. *Salerno*, 481 U.S. at 750-51, 107 S. Ct. at 2103. In balancing the liberty interest of an accused and safety interests of society, the Texas Legislature had adopted rules and guidelines that can be used to obtain pretrial release through the posting of an adequate bail bond. *See* TEX. CODE CRIM. PROC. ANN. arts. 17.01-.53. With regard to excessive bail, an accused has the right to assert his or her constitutional right to reasonable bail through the use of a pretrial application for writ of habeas corpus. *Weise v. State*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001) (citing *Ex parte Keller*, 595 S.W.2d 531, 532-33 (Tex. Crim. App. [Panel Op.] 1980)).

The burden of proof is on the defendant to show that the amount of bail set was excessive. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980); *see also Ex parte August*, 552 S.W.2d 169, 170 (Tex. Crim. App. 1977).

While a magistrate has broad discretion in determining the dollar amount and any conditions of bail, exercise of that discretion is governed by factors set forth in article 17.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15. These factors include, but are not limited to, the following:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be used so as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

*Id.* Other factors that may be considered include: (1) the defendant's work record; (2) family and community ties; (3) length of residency; (4) prior criminal record; (5) conformity with previous bond conditions; (6) existence of any other bonds outstanding; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Ex parte Rubac*, 611 S.W.2d at 849; *see Ex parte Emery*, 970 S.W.2d 144, 145 (Tex. App.— Waco 1998, no pet.).

## Analysis

In arguing that the $1,000,000 bail amount is unreasonable and excessive, Clay contends that: (1) although the nature of the alleged offense is serious, the acquittal of Keith Spratt, a co-conspirator that Clay allegedly hired to murder Joshua Pittman, substantially and materially changes the circumstances of this case; (2) his lack of a criminal record shows he is not a risk to the community; (3) he has strong ties to his family and to the Waco and Houston communities to ensure that he will appear for trial; (4) the current bail amount constitutes an instrument of oppression; and (5) he is unable to post bail in the current amount. Clay attached six exhibits to his amended habeas application. Included as exhibits are the underlying indictment; a docket sheet showing Spratt's acquittal in trial court cause number 2017-1853-C1; and sworn declarations from Clay, Clay's father, Clay's mother, and Clay's "life-partner."[1]

NATURE AND CIRCUMSTANCES OF THE OFFENSE

The nature of the crime and the potential sentence are "primary factors" to consider in determining whether the trial court abused its discretion. *See Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet. ref'd); *see also Montalvo v. State*, 315

---

[1] The State complains that these exhibits were not before the trial judge at the hearing on the habeas application and, thus, cannot be considered. However, the transcript from the hearing shows that the State and Clay informed the trial judge that they "agreed that we could proceed by proffer and with the declarations." Moreover, the trial judge deferred her ruling on the habeas application and indicated that she would consider these exhibits once they were re-submitted. The trial judge did not rule on the habeas application until after the amended habeas application was filed with the six exhibits attached. As such, we are not persuaded by the State's objection to the consideration of these exhibits.

S.W.3d 588, 593 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (noting that the consideration of the nature and circumstances of the offense requires us to consider the range of punishment permitted in the event of conviction). When the nature of the offense is serious and a lengthy sentence following trial is probable, bail should be "set sufficiently high to secure the presence of the accused at trial because the accused's reaction to the prospect of a lengthy prison sentence might be not to appear." *Ex parte Hulin*, 31 S.W.3d 754, 761 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

Here, Clay is charged with murder for remuneration under section 19.03(a)(3) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 19.03(a)(3) (providing that a person commits the offense of murder if he "commits the murder for remuneration or the promise of remuneration or employs another to commit the murder for remuneration or the promise of remuneration"). Specifically, the indictment alleged that Clay,

> did then and there intentionally and knowingly cause the death of an individual, namely, JOSHUA PITTMAN, . . . by employing KEITH SPRATT to murder the complainant for remuneration or the promise of remuneration, to wit: United States Currency, from the Defendant, and pursuant to the agreement, KEITH SPRATT did then and there intentionally and knowingly cause the death of the complainant by shooting him . . . .

The charged offense is serious, as it is a first-degree felony subject to a maximum punishment of incarceration for ninety-nine years or life in prison. *See* TEX. PENAL CODE ANN. § 12.32(a), 19.03(c). However, Clay presented the trial court with evidence that he believes casts doubt on the probability of conviction. Specifically, included as an exhibit

to Clay's amended habeas application is a docket sheet indicating that Spratt was acquitted by a jury in trial court cause number 2017-1853-C1. Although Clay argues that Spratt's acquittal pertains to the murder of Pittman, there is nothing on the docket sheet showing the nature of the crime or the allegations for which Spratt was acquitted. Thus, we cannot say that Clay met his burden in demonstrating that it is less probable that he would be convicted based on the jury's verdict in Spratt's case. Given the above, as well as the fact that a $1,000,000 bail amount has been approved by this Court in other felony-murder cases, we cannot say that this factor favors a reduction of Clay's bail amount. *See Ex parte Brossett*, 524 S.W.3d 273, 276-77 (Tex. App.—Waco 2016, pet. ref'd) (setting bail at $1 million in a capital-murder case) (citing *Ex parte Lewis*, No. 10-13-00448-CR, 2014 Tex. App. LEXIS 6635, at **5-6 (Tex. App.—Waco June 19, 2014, pet. ref'd) (mem. op., not designated for publication) (upholding bail set at $1 million in a capital-murder case)).

ABILITY TO MAKE BAIL

The accused's ability to make bail is merely one factor to be considered in determining the appropriate amount of bail. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15(4); *Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.). Simply because a defendant cannot meet the bail set by the trial court does not automatically render it excessive. *Ex parte Scott*, 122 S.W.3d at 870. "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique position of determining what his

bond should be." *Id.; see Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980); *Ex parte Branch*, 553 S.W.2d 380, 382 (Tex. Crim. App. 1977).

In his declaration, Clay noted that he has $1,100 in his commissary fund, but that he does not have the ability to afford a bond on his own behalf. Clay's father and mother noted that the most they could afford is a $50,000 bond for Clay. Clay's parents indicated that these funds could be raised from family and by using residential property as collateral.

"To show that he is unable to make bail, a defendant must show that his funds and his family's funds have been exhausted." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (internal citations omitted). "Unless he has shown that his funds and those of his family have been exhausted, a defendant must usually show that he made an unsuccessful effort to furnish bail before bail can be determined to be excessive." *Id.* (internal citations omitted). As shown above, Clay's assets have not been exhausted, and he has made no showing of his efforts to furnish bail. We conclude that this factor does not favor a reduction of Clay's bail amount.

SAFETY OF THE VICTIM AND THE COMMUNITY

The victim in this case, Pittman, is deceased. Nevertheless, Clay asserts that he has a minimal criminal history with "a prior misdemeanor minor marihuana charge for which he received a year deferred adjudication probation and terminated early after serving six months . . . ." Although no specific evidence was introduced, the State

counters that the charged offense alleges that Clay hired others to commit murder and that potential witnesses are directly and immediately at risk from Clay. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15(a)(5) (requiring that "[t]he future safety of a victim of the alleged offenses and the community shall be considered"). Especially because of the nature of the charged offense and the risk to potential witnesses, we conclude that this factor favors the trial court's denial of bail reduction.

COMMUNITY AND FAMILY TIES AND OTHER FACTORS

In his declaration, Clay's father indicated that he will personally ensure that Clay appears at all court dates. Clay's father also stated that he is self-employed in Houston, Texas, and Clay mentioned in his declaration and habeas application that his father will provide him with suitable housing and a job. Both Clay's mother and father documented the family's extensive ties to the Houston and Waco communities and that the family's ties are confined within the State of Texas. Moreover, Clay emphasized that he has lived in Texas his whole life. Furthermore, Clay and his "life-partner" indicated that they have a twelve-year-old son together and that the child's mother is undergoing treatment for a serious medical condition. She emphasized that reasonable bail would allow Clay to assist in childcare and ease her health concerns. Based on the foregoing, we conclude that these factors weight slightly in favor of reducing Clay's bail.

SUMMARY

In determining whether the trial court abused its discretion by denying Clay's application for writ of habeas corpus, we must decide whether the trial court acted without reference to any guiding rules or principles; or, in other words, we must decide whether the trial court's action was arbitrary or unreasonable. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). In doing so, we must keep in mind that merely because the trial court decided a matter within its discretion in a different manner than this Court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.* Therefore, affording due deference to the trial court's ruling and considering the article 17.15 factors outlined above, we hold that Clay has failed to demonstrate that the bail amount is excessive. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15; *see also Ex parte Rubac*, 611 S.W.2d at 850; *Ex parte Scott*, 122 S.W.3d at 868. Accordingly, we cannot say that the trial court abused its discretion in setting Clay's bail at $1,000,000 in this felony-murder case. *See Ex parte Rubac*, 611 S.W.2d at 849-50. We overrule Clay's sole issue.

## Conclusion

We affirm the judgment of the trial court.


STEVE SMITH
Justice

Before Chief Justice Gray
    Justice Smith, and
    Justice Rose[2]
(Chief Justice Gray dissents. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed April 20, 2022
Do not publish
[OT06]



---

[2] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.