

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00435-CR
## No. 10-22-00436-CR

## EX PARTE JAMES GAMBRELL, JR.

**From the 12th District Court**
**Walker County, Texas**
**Trial Court Nos. 30096 & 30238**

## MEMORANDUM  OPINION

In appellate cause numbers 10-22-00435-CR and 10-22-00436-CR, appellant, James Gambrell Jr., appeals from the trial court's denial of his pretrial application for writ of habeas corpus alleging that his bail is excessive.  Because we conclude that the trial court did not abuse its discretion by denying appellant's habeas application, we affirm.

### Background

Appellant has a lengthy criminal history in several counties.  Pertinent to this matter, on July 9, 2022, appellant was arrested in San Jacinto County, Texas for the offenses of abandonment/endangering a child with intent to return and possession of

marihuana.  On the basis of this arrest, the State moved to revoke appellant's bail on all his indicted charges in Walker County, which the trial court granted.  Appellant was arrested on those warrants and has been held on bonds for:

- Assault Family/Household Member with a previous conviction IAT—$20,000

- Count one aggravated assault with a deadly weapon—$75,000

- Count two aggravated assault with a deadly weapon—$75,000

- Count three unlawful possession of a firearm by a felon—$50,000

Appellant filed an application for writ of habeas corpus, arguing for a reduction in the bail amount.  After a hearing, the trial court denied appellant's habeas application, and this appeal followed.

## Applications for Writ of Habeas Corpus

STANDARD OF REVIEW

In a habeas proceeding regarding a claim of excessive bail, we review a trial court's decision regarding the amount of bail for an abuse of discretion.  *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Davis*, 147 S.W.3d 546, 548 (Tex. App.—Waco 2004, no pet.).  A trial court abuses its discretion if it acts without reference to any guiding rules or principles.  *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd).  A reviewing court will not disturb a decision of the trial court if that decision is within the zone of reasonable disagreement.  *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.).

BAIL

Prior to conviction, every citizen accused of a crime has a "strong interest in liberty." *United States v. Salerno*, 481 U.S. 739, 750, 107 S. Ct. 2095, 2103, 95 L. Ed. 697 (1987). To protect that interest, the Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. Additionally, the Texas Constitution guarantees that "[a]ll prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident . . . ." TEX. CONST. art. I, § 11. This constitutional right to reasonable bail has also been codified in the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 1.07 (providing "[a]ll prisoners shall be bailable unless for capital offenses when the proof is evident"), 17.15(2) (providing "[t]he power to require bail is not to be so used as to make it an instrument of oppression").

"'Bail' is the security given by the accused that he will appear and answer . . . the accusation brought against him . . . ." *Id.* art. 17.01; *see Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). The defendant's liberty is a secondary objective and his right to pretrial bail may be subordinated to the greater needs of society. *Salerno*, 481 U.S. at 750-51, 107 S. Ct. at 2103. In balancing the liberty interest of an accused and safety interests of society, the Texas Legislature had adopted rules and guidelines that can be used to obtain pretrial release through the posting of an adequate bail bond. *See* TEX.

CODE CRIM. PROC. ANN. arts. 17.01-.53. With regard to excessive bail, an accused has the right to assert his or her constitutional right to reasonable bail through the use of a pretrial application for writ of habeas corpus. *Weise v. State*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001) (citing *Ex parte Keller*, 595 S.W.2d 531, 532-33 (Tex. Crim. App. [Panel Op.] 1980)). The burden of proof is on the defendant to show that the amount of bail set was excessive. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980); *see also Ex parte August*, 552 S.W.2d 169, 170 (Tex. Crim. App. 1977).

While a magistrate has broad discretion in determining the dollar amount and any conditions of bail, exercise of that discretion is governed by factors set forth in article 17.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15. These factors include, but are not limited to, the following:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be used so as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

*Id.* Other factors that may be considered include: (1) the defendant's work record; (2) family and community ties; (3) length of residency; (4) prior criminal record; (5)

conformity with previous bond conditions; (6) existence of any other bonds outstanding; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Ex parte Rubac*, 611 S.W.2d at 849; *see Ex parte Emery*, 970 S.W.2d 144, 145 (Tex. App.—Waco 1998, no pet.).

## Analysis

On appeal, appellant contends that the trial court abused its discretion by denying his habeas application because the bail amounts set are excessive. Specifically, appellant asserts that his bail should be reduced because he cannot afford the bail amounts set, he has appeared at every court setting, he lives in Walker County, and because a victim in one of the offenses for which bail was set signed an affidavit of non-prosecution.

NATURE AND CIRCUMSTANCES OF THE OFFENSE

In determining whether the trial court abused its discretion, the defendant's potential sentence and the nature of the crime are "primary factors" for us to consider. *See Ex parte Hunt*, 138 S.W.3d at 506; *see also Montalvo v. State*, 315 S.W.3d 588, 593 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (noting that the consideration of the nature and circumstances of the offense requires us to consider the range of punishment permitted in the event of conviction). When the nature of the offense is serious and a lengthy sentence following trial is probable, bail should be "set sufficiently high to secure the presence of the accused at trial because the accused's reaction to the prospect of a lengthy

prison sentence might be not to appear."  *See Ex parte Hulin*, 31 S.W.3d 754, 761 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

Each of the offenses for which bail was set are felonies, two of which are at least second-degree felonies that could result in a term of incarceration of two to twenty years. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.01(b)(2), 22.02(a)(2), (b), 46.04(a), (e).  Also included in the record is the arrest report corresponding with the two counts of aggravated assault with a deadly weapon and the one count of unlawful possession of a firearm by a felon.  The report documents an allegation that appellant pointed a pistol at Yolonda Lawson and his fiancé, Marshaye Carrington, and fired three to five times in their direction.

The record also includes the indictment pertaining to appellant's pending charge of Assault Family/Household Member with a previous conviction, which alleged that appellant,

> "intentionally, knowingly, or recklessly cause[d] bodily injury to Marshaye Carrington, a member of the defendant's family . . . by striking Marshaye Carrington in the face with the defendant's hand, and before the commission of the offense the defendant had been previously convicted of an offense under Chapter 22 of the Texas Penal Code, against a person with whom the defendant has or has had a dating relationship . . . ."

If true, the foregoing is strong evidence of appellant's violent tendencies and the possibility for significant punishment.  We therefore conclude that this factor favors the denial of appellant's habeas application to reduce the bail amounts.

ABILITY TO MAKE BAIL

A defendant's ability to make bail is only one factor to be considered in determining the appropriate amount of bail. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15(4); *Ex parte Vance*, 608 S.W.2d 681, 683 (Tex. Crim. App. 1980) ("It is established that the ability or inability of an accused to make bail does not alone control in determining the amount of bail."). Merely because a defendant cannot make the bail set by the trial court does not automatically render the bail excessive. *See id.*; *see also Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.); *Maldonado v. State*, 999 S.W.2d 91, 96 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Further, "[i]t is well settled that the ability of an accused to make bail does not itself control the amount of bail, even if the accused is indigent." *Wright v. State*, 976 S.W.2d 815, 820 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *see Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980) ("Although the ability to make bail is a factor to be considered, ability alone, even indigency, does not control the amount of bail.").

"To show that he is unable to make bail, a defendant generally must show that his funds and his family's funds have been exhausted." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (internal citations omitted). "Unless he has shown that his funds and those of his family have been exhausted, a defendant must usually show that he made an unsuccessful effort to furnish bail before bail can be determined to be excessive." *Id.* (internal citations omitted).

At the hearing on his habeas application, appellant testified that he has no money because his incarceration prevents him from working. The Clerk's Record contains a letter from appellant's mother stating that appellant does not have any income and that she receives disability but does not have any stocks or bonds. Appellant did not present any evidence of his assets, whether he exhausted any assets in an attempt to make bail, or that he made any effort to furnish bail. Because appellant did not present evidence that his asserts have been exhausted or that that he had made an unsuccessful effort to furnish bail, we conclude that this factor favors the denial of appellant's habeas application to reduce to bail amounts.

SAFETY OF THE VICTIM AND THE COMMUNITY

As stated earlier, the future safety of a victim of the alleged offense and the community shall be considered when setting the bail amount. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15(5). Three of the offenses for which bail was set are violent offenses or involve the use or possession of a firearm. Additionally, appellant has a pending charge of Assault Family/Household Member with a previous conviction involving his fiancé, Carrington. Based on the nature of these offenses, as well as appellant's lengthy criminal history, the trial court could have determined appellant is a continuing threat to his fiancé and the community which warranted the bail amounts that were set.

COMMUNITY AND FAMILY TIES

Other than statements made in his brief regarding the fact that he lived and worked in Walker County prior to his incarceration, appellant did not present any specific evidence as to his ties to the community and his family. The record contains a letter from appellant's mother, but it does not indicate where she lives. Additionally, appellant noted in his brief that Carrington lives with his three children in low-income housing with zero income. However, appellant did not provide an address for Carrington. And while he testified at the hearing on his habeas application that he worked at a Chevron convenience store, appellant did not provide an address for this store. We conclude that this factor favors the denial of appellant's habeas application to reduce to bail amount.

PRIOR CONVICTIONS/CONDITIONS OF BAIL

The record reflects that appellant's bail has been revoked three times. Moreover, the State's notice of intent to introduce extraneous offenses documented appellant's lengthy criminal history, which includes twenty-eight extraneous offenses. Appellant's lengthy criminal history coupled with his repeated failures to comply with bail conditions favors the denial of appellant's habeas application to reduce the bail amounts.

SUMMARY

Affording due deference to the trial court's ruling, bearing in mind it is appellant's burden, and considering the evidence, or lack thereof, on the factors to be considered in

setting bail, we hold that appellant has failed to demonstrate that the bail amounts are excessive individually or in total. *See* TEX. CRIM. PROC. ANN. art. 17.15; *see also Ex parte Rubac*, 611 S.W.2d at 850; *Ex parte Scott*, 122 S.W.3d at 868. Therefore, based on the evidence presented in this case, we conclude that the trial court did not abuse its discretion by denying appellant's habeas application. Appellant's sole issue is overruled.

## Conclusion

We affirm the judgments of the trial court.


STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson,
      and Justice Smith
Affirmed
Opinion delivered and filed May 3, 2023
Do not publish
[OT06]

